IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| DESIGNWORKS HOMES, INC., a a Missouri corporation; and CHARLES LAWRENCE JAMES, | ) ) ) ) | |
| Plaintiffs | ) | Case No.: |
| vs. | ) ) | |
| COLUMBIA HOUSE OF BROKERS REALTY, INC. dba HOUSE OF BROKERS, INC.    Serve Registered Agent at:    Elizabeth G. Christian    1515 Chapel Hill    Columbia, MO 65203 | ) ) ) ) ) ) ) ) | |
| JACQUELINE BULGIN aka JACKIE BULGIN dba JACKIE BULGIN & ASSOCIATES    Serve at:    301 Vieux Carre Ct.    Columbia, MO 65203 | ) ) ) ) ) ) ) | |
| SHANNON L. O'BRIEN    Serve at:    3200 Red Bay Creek    Columbia, MO 65203 | ) ) ) ) ) | |
| CAROL S. DENNINGHOFF    Serve at:    1800 Chapel Ridge Rd.    Columbia, MO 65203 | ) ) ) ) ) | |
| NICOLE WALDSCHLAGER    Serve at:    3203 Crape Myrtle Dr.    Columbia, MO 65203 | ) ) ) ) ) | |
| DEBORAH ANN FISHER    Serve at:    1904 Chapel Ridge Rd. | ) ) ) | |

1

|                          |   )   |
|---|---|
| Columbia, MO 65203       |   )   |
|                          |   )   |
| JOHN DOE NO. 1           |   )   |
|                          |   )   |
|                          |   )   |
| Defendants               |   )   |
|                          |   )   |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

COMES NOW the Plaintiffs, DESIGNWORKS HOMES, INC. and CHARLES LAWRENCE JAMES, by and through their attorney, Kenneth N. Caldwell, of the law firm of the Caldwell Law Firm, P.C. and complains, alleges and states as follows:

### JURISDICTION AND VENUE

1. This is an action for copyright infringement under 17 U.S.C. § 501(a) and the right of attribution and integrity under 17 U.S.C. §106A.

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a).

### PARTIES

4. Plaintiff DESIGNWORKS HOMES, INC. is a corporation, in good standing and existing under the laws of the State of Missouri, with its principal place of business in Springfield, Missouri. DESIGNWORKS HOMES, INC. is a design build company that now owns the copyrights referenced herein, any related copyrights, by assignment from Charles Lawrence James ("James").

5. Plaintiff James is now a resident of Springfield, Missouri and is the sole shareholder in DESIGNWORKS HOMES, INC. James is the home designer for DESIGNWORKS HOMES,

2

INC. and did business under the name of C.L. JAMES CONSTRUCTION from approximately 1986-2002.

6. Upon information and belief, Defendant COLUMBIA HOUSE OF BROKERS REALTY, INC. dba HOUSE OF BROKERS, INC. is now and at all times relevant hereto was, a corporation duly formed and existing under the laws of the State of Missouri.

7. Upon information and belief, Defendant JACQUELINE BULGIN aka JACKIE BULGIN and dba as JACKIE BULGIN & ASSOCIATES is now, and at all times relevant hereto was, a resident of the State of Missouri residing in this judicial district.

8. Upon information and belief, Defendant SHANNON L. O'BRIEN, is now and at all teams relevant hereto was, a resident of the State of Missouri residing in this judicial district.

9. Upon information and belief, Defendant CAROL S. DENNINGHOFF, is now and at all teams relevant hereto was, a resident of the State of Missouri residing in this judicial district.

10. Upon information and belief, Defendant NICOLE WALDSCHLAGER, is now and at all teams relevant hereto was, a resident of the State of Missouri residing in this judicial district.

11. Upon information and belief, Defendant DEBORAH ANN FISHER, is now and at all teams relevant hereto was, a resident of the State of Missouri residing in this judicial district.

12. The individuals or companies identified herein as JOHN DOE No. 1 are presently unknown to the Plaintiffs but they represent the individuals and/or companies that reproduced the copyright protected plans referred to herein without Plaintiffs' permission. When their names become known, the Plaintiffs will substitute their individual and/or company names in place of JOHN DOE.

## FACTUAL ALLEGATIONS

13. In or about 1996, Plaintiff James designed a unique home with great care and attention to detail which was constructed at 4306 Melrose in Columbia, Missouri. That home was

3

the first home that he designed and built that had a unique <u>Triangular Atrium Design with Stairs</u> configuration (hereinafter referred to as the Triangular Atrium Design.) The unique home was a hit with consumers and Plaintiffs designed and built at least four (4) substantially similar homes between the years 1996-2001 with that same unique design. The Plaintiffs won the 1998 and 2001 Regency Award from the Home Builders Association of Columbia for the Triangular Atrium Design homes.

14. Plaintiff James duly complied with all of the laws necessary to register the Atrium Ranch on Walk-Out; Angular atrium ranch, a derivative of the earlier work, as a copyrighted work, evidenced by a Certificate of Registration issued by the Register of Copyrights identified as VAu 000623402 effective May 10, 2004. (See Evidence of Copyright Registration attached hereto as **Exhibit A.**)

15. On or about June 6, 2013 Plaintiff James created another derivative work and duly complied with all of the laws necessary to register the work entitled Visual Material (another derivative of the original Triangular Atrium Design) as a copyrighted work, evidenced by a Certificate of Registration issued by the Register of Copyrights identified as VAu-001133136. (See Evidence of Copyright Registration attached hereto as **Exhibit B.**)

16. On or about April 22, 2018 Plaintiff James applied for a copyright for the technical drawings for the property at 1713 Kenilworth, Columbia, Missouri. (See Evidence of Copyright Application attached hereto as **Exhibit C** entitled 1713 Kenilworth/Heritage Meadows.) (Collectively the Plaintiffs' copyright protected works referenced herein shall be referred to as the Triangular Atrium Design.)

17. The Defendants were involved individually, and/or as a team effort, in the listing, plan reproduction (in the form of a derivative work), marketing, advertising, and/or re-sale or

4

attempted re-sale of the Triangular Atrium Design home at 1713 Kenilworth Drive, Columbia, Missouri.

18. Without the consent of Plaintiffs, the Defendants, upon information and belief, in association or collaboration with the other co-Defendants, did reproduce, copy and/or upload to Realtor.com and/or other web site(s), plans for the above-identified home to market the property. The specific dates of these reproductions and publications on the internet are unknown to Plaintiffs.

19. The Plaintiffs discovered in 2017 that a reproduction or derivative of their copyright protected design had been reproduced and uploaded to the internet at the url for Realtor.com in connection with marketing of 1713 Kenilworth, Columbia, Missouri exposing the plans to the world.

20. Works that are made available on the Internet are at risk of being unlawfully reproduced or distributed by millions of users. In order to protect copyrighted works from being unlawfully reproduced or distributed it is important to ensure that any copyright protected works are properly disseminated and that the true author is properly attributed.

## COUNT I
## COPYRIGHT INFRINGEMENT

21. The Plaintiffs re-allege and incorporate by reference each of the previous allegations of this Complaint as if fully set forth herein at this point.

22. Defendants' acts of creating derivative works, reproducing, and uploading of Plaintiffs' copyright protected works to the internet could not have occurred without Defendants access to the Plaintiffs' Triangular Atrium Design homes. The Defendants had easy access to 1713 Kenilworth, Columbia Missouri because they listed the property for sale.

23. The Defendants have been unjustly enriched as a result of the unauthorized creation and public display of derivative works of Plaintiffs' plans for the Triangular Atrium Design.

5

24. Defendants' unjust enrichment came at the expense to the Plaintiffs in the form of lost profits and diluted reputation in the home design industry.

25. Plaintiffs have incurred damages and lost profits from the reproduction of their plans by Defendants of Plaintiff's unique Triangular Atrium Design. Defendants' wrongful conduct interferes with Plaintiffs' opportunity to expand its goodwill and has damaged the goodwill that Plaintiffs have or did have for distinctive and original home design.

26. The Plaintiffs have been damaged by the actions of the Defendants and are entitled to compensation, including statutory and/or actual damages, as applicable, pursuant to 17 U.S.C. ¶ 504 of the laws of the United States.

27. The Plaintiffs have had to hire attorneys to pursue this claim and are therefore entitled to recover their reasonable attorney's fees and costs as allowed by 17 U.S.C. ¶ 505.

## COUNT II
## CONTRIBUTORY INFRINGEMENT

28. The Plaintiffs re-allege and incorporate by reference each of the previous allegations of this Complaint as if fully set forth herein at this point.

29. Upon information and belief, each of the Defendants herein had knowledge that the right to reproduce, copy, upload and display the Triangular Atrium Design plans, or derivatives thereof, had not been obtained from Plaintiff, and materially contributed to the alleged infringement(s).

30. As a result of the foregoing, the Defendants are jointly and severally liable with the other infringers of Plaintiffs' copyrights as alleged herein.

## COUNT III
## VICARIOUS INFRINGEMENT

31. The Plaintiffs re-allege and incorporate by reference each of the previous allegations of this Complaint as if fully set forth herein at this point.

6

32. Upon information and belief, the Defendants named herein either personally participated in the infringements and/or had the right and ability to direct and control the infringing activity and derived financial and/or accolades from said activities thus being vicariously liable for said infringements.

33. As a result of the foregoing, the Defendants are jointly and severally liable with the other co-infringers of Plaintiffs' copyrights as alleged herein.

## COUNT IV
## VIOLATION OF 17 U.S.C. §106A - VISUAL ARTS RIGHTS ACT

34. The Plaintiffs re-allege and incorporate by reference each of the previous allegations of this Complaint as if fully set forth herein at this point.

35. The Plaintiffs, to protect the value and quality of their Triangular Atrium Design, were careful to ensure consistent attribution of authorship to the buying public and limit public exposure accordingly.

36. The Defendants creation, use, and internet display of Plaintiffs visual arts protected work without appropriate attribution violated Plaintiffs' rights by distorting, mutilating, or modifying said works in violation of 17 U.S.C. 106A.

37. Upon information and belief, Defendants' conduct willfully and intentionally distorted, mutilated or modified Plaintiff works of visual art.

### PRAYER

WHEREFORE, Plaintiffs pray for a judgment and decree of this Court as follows:

1. For injunctive relief prohibiting the Defendants from further copying, marketing or distribution of the copyright protected works and/or works of visual art or any other infringing or illegal conduct;

2. For compensatory damages, profits of the infringers and/or statutory damages as appropriate;

3. For return or destruction of the infringing material;

4. For cost of suit and reasonable attorney's fees;

5. For prejudgment interest;

6. For such other and further relief as the court deems just and equitable in the premises.

DATED this 4th day of May, 2018.

By: _____
KENNETH N. CALDWELL, ESQ.
MO Bar No. 65443; NV Bar No. 3692
CALDWELL LAW FIRM, P.C.
1201 NW Briarcliff Pkwy, 2nd Floor
Kansas City, MO 64116
Tel. (816) 535-1001
Facsimile. (702) 548-9796
ATTORNEY FOR PLAINTIFFS