# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| DESIGNWORKS HOMES, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:18-CV-04090-BCW |
| | ) |
| COLUMBIA HOUSE OF | ) |
| BROKERS REALTY, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants' Motion for Summary Judgment (Doc. #72). The Court, being duly advised of the premises, grants Defendants' motion.

## BACKGROUND

On May 4, 2018, Plaintiffs Designworks Homes, Inc., a design and build company, and Charles Lawrence James, Designworks' sole shareholder (collectively "Designworks") filed the above-captioned matter against Defendants Columbia House of Brokers Realty, Inc., Shannon L. O'Brien, Nicole Waldschlager, Deborah Ann Fisher, Jacqueline Bulgin, Carol S. Denninghoff, and John Doe 1. Defendant House of Brokers Realty is a real estate licensee and/or broker hired by a non-party to sell a residence located at 1713 Kenilworth, Columbia, Missouri. The individual defendants are real estate agents associated with the House of Brokers and involved in the listing and/or marketing for the sale of 1713 Kenilworth. (collectively, "Defendants").

In 1996, Designworks constructed a home located at 4306 Melrose, Columbia, Missouri. The home at this address is configured using an original expression referred to as "triangular atrium design with stairs" (hereinafter, "the Design"). Designworks would use

1

the Design in at least four other subsequent home builds, including in the 1999 construction of a home located at 1713 Kenilworth.

In February 2017, the owner of 1713 Kenilworth hired Defendants to list and market 1713 Kenilworth for sale. As part of Defendants' attempt to sell the home, Defendants hired a third party to measure the interior of 1713 Kenilworth and create a drawing of the structure's floorplan. ("the Floorplan"). Defendants caused the Floorplan to be published in connection with Defendants' attempts to sell 1713 Kenilworth between February and July 2017.

Designworks' claims against Defendants arise from the Floorplan, which Designworks alleges violates the Copyright Act of 1976, 17 U.S.C. § 501(a) and the Visual Artists Rights Act of 1990, 17 U.S.C. § 106A ("VARA").

Designworks alleges the following claims based on their rights in the Design and Defendants' creation of the Floorplan: (I) copyright infringement; (II) contributory infringement; (III) vicarious infringement; and (IV) violation of VARA.

## LEGAL STANDARD

A party is entitled to summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Rafos v. Outboard Marine Corp., 1 F.3d 707, 708 (8th Cir. 1993) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). The moving party bears the burden to establish both the lack of any genuine issue of material fact and an entitlement to judgment as a matter of law. Celotex, 477 U.S. at 323. In applying this burden, the Court affords to the non-moving party the benefit of all reasonable factual inferences. Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp., 950 F.2d 566, 569 (8th Cir. 1991)).

**UNCONTROVERTED FACTS**

In 1996, Designworks designed and constructed a home at 4306 Melrose in Columbia, Missouri. The home design is configured and described as a "triangular atrium design with stairs" (hereinafter, "the Design"). Between 1996 and 2001, Designworks used the Design in at least 4 other residential builds.

In 1999, Designworks designed and constructed a home, using the Design, at 1713 Kenilworth in Columbia, Missouri. The completed structure at this location is visible from a public street.

In 2004, Designworks applied for and received a copyright registration for a house in which it used the Design located at 4804 Chilton Court, Columbia, Missouri. The copyright application was titled "Atrium ranch on walk out; Angular atrium ranch." The registration number for this copyright for "Architectural work," effective May 10, 2004, is VAu 623-402.[1] ("Registration C"). The deposit materials for Registration C are photographs of the exterior and interior structure at 4804 Chilton and drawings.

In 2013, Designworks applied for and received a copyright registration for an architectural work that used the Design. The copyright application was titled "2,187SF." The registration number for this copyright for an architectural work, effective June 6, 2013,

---

[1] **Copyright Registration Number    VAu000623402**
    Type of Work:  Visual Material
    Date:   May 10, 2004
    Application Title:    Atrium ranch on walkout; Angular atrium ranch
    Title:   4804 Chilton Court, lot 108
    Description:    Architectural work
    Copyright Claimant:   Charles Lawrence James
    Date of Creation:    2002

is VAu 1-133-136.² ("Registration U"). The architectural work for Registration U was never built. The deposit materials for Registration U are drawings.

On February 23, 2017, Defendants listed the home at 1713 Kenilworth for $465,000.00. Defendant House of Brokers was the designated broker for the 1713 Kenilworth and the real estate agents for the listing were Jackie Bulgin, Shannon O'Brien, and Debbie Fisher.

On February 15, 2017, Sphero Tours / Shawn Ames ("Sphero") sent an invoice to Defendant House of Brokers, care of Jackie Bulgin, for Sphero's work measuring the interior dimensions and creating a computer aided design drawing of the interior of 1713 Kenilworth.³

On February 23, 2017, Defendant Jackie Bulgin completed a Residential Property Data Entry Form, MLS #308591, for 1713 Kenilworth in the Flexmls/MLS system. Bulgin selected the option to export the listing for 1713 Kenilworth to all available options, including Realtor.com, Supra, Zillow, and Homes.com. Pursuant to Bulgin's authorization on the MLS, the Floorplan was distributed to Realtor.com, where Designworks discovered it. Defendants marketed 1713 Kenilworth using the Floorplan from February 2017 to July 2017. The house did not sell during that time period.

---

² **Copyright Registration Number      VAu001133136**
    Type of Work: Visual Material
    Date:   June 6, 2013
    Application Title:      2,187SF – not yet constructed.
    Title:   2,187SF.
    Description:     Electronic file (eService)
    Copyright Claimant:      Charles James
    Date of Creation: 2012

³ This drawing is the "Floorplan" upon which Designworks' claims are based.

In April 2018, Designworks registered copyrights in the technical drawings for 4306 Melrose and for 1713 Kenilworth. The copyright application for 1713 Kenilworth was titled "1713 Kenilworth / Heritage Meadows." The registration number for this copyright for a work of visual art is VAu 1-329-938, with a year of completion of 1999.[4] ("Registration K"). The deposit materials for Registration K are drawings. In contrast with Registration C and Registration U, which are both registered as architectural works, Registration K is registered as a technical drawing and a work of visual art.

## ANALYSIS

Defendants' motion for summary judgment argues there is no genuine issue of material fact and it is entitled to judgment as a matter of law on each of Designworks' four claims relating to the Floorplan.

**A. Defendants are entitled to summary judgment on Designworks' claim for copyright infringement alleged in Count I.**

"The Congress shall have Power . . . to Promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective writings and Discoveries." Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 546 (1985) (citing U.S. Const. art. I, § 8).

The Copyright Act protects "original works of authorship fixed in any tangible medium of expression . . . ." 17 U.S.C. § 102(a). The Copyright Act confers upon the owner

---

[4] **Copyright Registration Number    VAu001133136**
   Type of Work:
   Date:   April 22, 2018
   Application Title:    1713 Kenilworth / Heritage Meadows
   Title:   1713 Kenilworth / Heritage Meadows
   Description:
   Copyright Claimant:   Charles Lawrence James
   Year of Completion:   1999

5

of a copyright "a bundle of exclusive rights . . . ." Harper, 471 U.S. at 546 (citing 17 U.S.C. § 106). "[T]hese rights – to publish, copy, and distribute the author's work – vest in the author of an original work from the time of its creation." Id.

These rights, however, apply only to a work's aspects that are independently created and have some degree of creativity. Feist Publns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 345 (1991). Copyright protection does not cover "any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b).

To make a prima facie case for copyright infringement, a plaintiff must prove: (1) ownership of a valid copyright in the work allegedly infringed; and (2) the defendant copied, displayed, or distributed protected elements of the copyrighted work without authorization. Taylor Corp. v. Four Seasons Greetings, LLC, 315 F.3d 1039, 1042 (8th Cir. 2003) (citing Moore v. Columbia Pictures Indus., Inc., 972 F.2d 939, 941 (8th Cir. 1992) (citing Feist, 499 U.S. at 361 ("The establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."))).

**1. Defendants are entitled to summary judgment on Count I for Registration C and Registration U.**

The Court of Appeals for the Eighth Circuit has observed the infringement element "[t]ypically . . . cannot be proven directly." Moore, 972 F.2d at 941. "Therefore, copying can be established by demonstration of access (by the alleged infringer) and substantial similarity (between the works at issue.)." Id. at 941-42.

A plaintiff alleging infringement can establish the access requirement of the infringement element "by showing that the defendants had an opportunity to view or to copy

his work." Id. at 942 (citing Sid & Mary Krofft Television Prods., Inc. v. McDonald's Corp., 562 F.2d 1157, 1172 (9th Cir. 1977)). A "bare possibility of access" is insufficient; rather, a plaintiff "must prove that the defendants had a 'reasonable possibility' of viewing his work." Id. (citing Ferguson v. Natl' Broad., Co., 54 F.2d 111, 113 (5th Cir. 1978)).

Under the uncontroverted facts of this case, Designworks has copyrights in Registration C and in Registration U. Registration C is for an architectural work and has underlying deposit materials of structural photographs of 4804 Chilton, which uses the Design, and construction drawings. Registration U is also for an architectural work, albeit one that was never built, and its deposit materials consist of construction drawings.

With respect to Registration U, there exists no genuine issue of material fact that the structure, based on construction drawings making up Registration U's deposit materials, was never built. Because the structure was never built, Designworks cannot show that Defendants had "a reasonable possibility" of viewing the structure based on construction drawings underlying Registration U. Additionally, there is no basis in the record for the conclusion that Defendants otherwise had an opportunity to view Designworks' drawings at all.

Even assuming, without deciding, that Designworks can prove the other elements of copyright infringement with respect to Registration U, and even with all reasonable inferences drawn in Designworks' favor, the record does not establish Defendants had access to Designworks' copyrighted work. Defendants are entitled to summary judgment on Count I with respect to Registration U.

Similarly, with respect to Registration C, there exists no genuine issue of material fact that Defendants never had a "reasonable possibility" of viewing Designworks'

construction drawings, nor the interior of 4804 Chilton. Consequently, the record presents no basis for the conclusion that Defendants ever viewed the drawings or the structure underlying Registration C. Therefore, assuming, without deciding, the record demonstrates the other elements of a claim of copyright infringement with respect to Registration C, Designworks cannot establish access to the materials protected by Registration C.

Defendants are thus entitled to summary judgment on Designworks' Count I for copyright infringement to the extent Designworks alleges that the Floorplan infringes on Registration U or Registration C.

**2. Defendants are entitled to summary judgment on Count I for Registration K.**

Defendants assert they are entitled to summary judgment on Count I with respect to Registration K on the overarching basis that Designworks' claim of copyright infringement is an attempt to assert ownership in copyright over an idea, which, by law, is not protectable in copyright. Defendants assert the following arguments for why Designworks' claim of infringement of Registration K lacks merit such that Defendants are entitled to summary judgment: (1) unregistered copyrights are unenforceable: (2) the Floorplan does not infringe under 17 U.S.C. § 120(a); (3) if § 120(a) does not apply, the Floorplan does not infringe because Registration K is a technical drawing; and (4) the Floorplan does not infringe under 17 U.S.C. § 107 for fair use. (Doc. #74).

> **a. Defendants are not entitled to summary judgment based on Designworks' claims for infringement of unregistered aspects of 1713 Kenilworth because these unregistered aspects are within the scope of Registration K.**

Defendants argue they are entitled to summary judgment to the extent Designworks alleges copyright infringement based on unregistered copyrights. In opposition,

Designworks argues registration is a jurisdictional requirement only; therefore, Designworks may properly pursue a claim for copyright infringement based on the Floorplan, even though Defendants' created the Floorplan before Designworks obtained a copyright certificate for Registration K.

"Subject to certain exceptions, the Copyright Act requires copyright holders to register their works before suing for copyright infringement." Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 157 (2010) (citing 17 U.S.C. § 411(a)). "Upon registration of the copyright, however, a copyright owner can recover for infringement that occurred both before and after registration" Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, 139 S. Ct. 881, 886-87 (2019).

In this case, there is no genuine dispute of material fact that Registration K's effective certification date is April 22, 2018, and Defendants' allegedly infringing Floorplan was generated and used no later than July 2017. Thus, Designworks registered Registration K after the alleged infringement in this case.[5]

However, "[a]rchitectural plans and drawings are protected by copyright law as 'pictorial, graphic, and sculptural works,' and 'architectural works.'" CSM Invs., Inc. v. Everest Dev., Ltd., 840 F. Supp. 1304, 1309 (D. Minn. 1994) (citing 17 U.S.C. § 102(a)(5), (8)).

> 'Pictorial, graphic, and sculptural works' include two-dimensional and three-dimensional works of fine, graphic, and applied art, photographs, prints and art reproductions, maps, globes, charts, diagrams, models, and technical drawings, including architectural plans. Such works shall include works of artistic craftsmanship insofar as their form but not their mechanical or utilitarian aspects are concerned; the design of a useful

---

[5] Designworks is not entitled to statutory damages or attorneys fees based on the timing of the construction for 1713 Kenilworth in 1999, the 2017 creation of the Floorplan, and the 2018 registration date for Registration K. 17 U.S.C. § 412 (statutory damages and attorneys fees available only where registration occurs within 3 months of publication or within 1 month of infringing act).

> article, as defined in this section, shall be considered a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article.
>
> An 'architectural work' is the design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings. The work includes the overall form as well as the arrangement and composition of spaces and elements in the design, but does not include individual standard features.

17 U.S.C. § 101.

Defendants argue they are entitled to summary judgment because Designworks' certificate of copyright states that Registration K is for technical drawing only under § 102(a)(5), and not under § 102(a)(8) for an architectural work. Defendants assert this distinction is important because the record does not contain evidence suggesting Defendants ever had access to Designworks' drawings, though the record demonstrates Defendants had access to the interior of 1713 Kenilworth, upon which the Floorplan is based.

Defendants' argument relates to the scope of Registration K, which goes to the first element of Designworks' copyright infringement claim. However, Defendants' motion for summary judgment asserts their right to summary judgment based on the affirmative defenses of the applications of 17 U.S.C. § 120(a) and/or 17 U.S.C. § 107 for fair use. Therefore, for purposes of Defendants' motion for summary judgment, the Court assumes, without deciding, that with all reasonable inferences drawn in Designworks' favor, the record demonstrates a prima facie case of copyright infringement of Registration K with respect to Defendants' Floorplan. From this perspective, the Court considers whether Defendants are entitled to summary judgment based on its affirmative defenses.

### b. Defendants are entitled to summary judgment based on § 120(a).

Defendants argue they are entitled to summary judgment on Designworks' copyright infringement claim relative to Registration K by operation of 17 U.S.C. § 120. Designworks argues that the Floorplan does not fall within "pictorial representations" as defined in this section, and that the Floorplan was not created from a public place.

> (a) Pictorial representations permitted.--The copyright in an architectural work that has been constructed does not include the right to prevent the making, distributing, or public display of pictures, paintings, photographs, or other pictorial representations of the work, if the building in which the work is embodied is located in or ordinarily visible from a public place.

17 U.S.C. § 120(a).

Before 1990, architectural plans and drawings were protected in copyright as "pictorial, graphic, and sculptural works," and completed buildings fell into the category of "useful articles" under the Copyright Act. Leicester v. Warner Bros., 232 F.3d 1212, 1216-17 (9th Cir. 2000) (citing 17 U.S.C. § 101). The Architectural Works Copyright Protection Act of 1990 created "a new category of copyright protection for works of architecture." Id. at 1217 (citing H.R. Rep. 101-735, at 4-10.). "Congress did not afford architectural works full copyright protection; rather, it exempted the making of pictorial representations of architectural works from copyright infringement." Leicester, 232 F.3d at 1217. The main justification for this exemption is due to the "public, social purpose" of architecture as an art form, and pictorial representations of architecture "do not interfere with the normal exploitation of architectural works." Id. (citing H.R. 101-735, at 22). Section 120(a) particularly applies to architectural works, "rather than rely[ing] on the doctrine of fair use, which requires ad hoc determinations." Id.

"[C]ourts applying the plain language of 17 U.S.C. § 120 have concluded that interior elements of a house constitute 'architectural works.'" Kitchen & Bath Concepts of Pittsburgh, LLC v. Eddy Homes, No. 16-589, 2016 WL 7404559, at *4 (W.D. Pa. Dec. 22, 2016) (citing Nason Homes v. Billy's Constr., Inc., No. 3:14-CV-566, 2015 WL 6812705 (M.D. Tenn. Nov. 5, 2015); Design Basics L.L.C. v. DeShano Cos., Inc., No. 10-CV-14419, 2012 WL 4321313 (E.D. Mich. Sept. 21, 2012); Landrau v. Solis-Betancourt, 554 F. Supp. 2d 102, 107 (D.P.R. 2007)). Moreover, § 120(a) has also been read to apply to technical drawings upon which a structure might be based. Morgan v. Hawthorne Homes, Inc., No. 2:04-CV-1809, 2009 WL 1010476 (W.D. Pa. Apr. 14, 2009). "Therefore, creating a 'pictorial representation' of a constructed work that is located in a building visible from a public place is not an act of infringement." Sorenson v. Wolfson, 96 F. Supp. 3d 347, 365 (S.D.N.Y. 2015).

In this case, the Court considers § 120(a) from the perspective that Registration K confers copyright ownership in not only the underlying technical drawings, but also the completed structure located at 1713 Kenilworth. Pursuant to § 120(a), Designworks' copyright in the structure located at 1713 Kenilworth, which, under the uncontroverted facts, is ordinarily visible from the public street, does not include the right for Designworks to prevent another from making a pictorial representation of the structure located at 1713 Kenilworth. To the extent Designworks argues the § 120 exemption is limited to the exterior structure of 1713 Kenilworth that is ordinarily visible from a public place, the plain language of the statute belies this argument in stating its equal application to "the building in which the work is embodied." 17 U.S.C. § 120(a). The work at issue in this case is the Design, which is embodied in the completed architectural work located at 1713 Kenilworth,

which is ordinarily visible from a public place. Consequently, Defendants' creation of the Floorplan capturing the layout of 1713 Kenilworth is not an infringing act because the Floorplan is a pictorial representation of the structure's interior as it exists. Defendants are thus entitled to summary judgment based on 17 U.S.C. § 120(a) on Designworks' Count I for copyright infringement of Registration K. In light of this conclusion, the Court declines to consider whether Defendants are also entitled to summary judgment based on the other arguments raised.

**B. Defendants are entitled to summary judgment on Designworks' claims for contributory and vicarious for copyright infringement alleged in Counts II and III.**

Defendants argue they are entitled to summary judgment on Designworks' claims for contributory and vicarious infringement because Designworks' claim for direct infringement lacks merit.

"One infringes contributorily by intentionally inducing or encouraging direct infringement, and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005) (citations omitted). Though the Copyright Act does not expressly provide for recovery based on instances of secondary infringement, "these doctrines of secondary liability emerged from common law principles and are well established in the law." Id.

Contributory infringement requires a plaintiff to prove: (1) defendant's knowledge of a third party's infringing activity, and (2) that the defendant, induced, caused, or materially contributed to the infringing conduct of another. Perfect 10, Inc. v. Visa Int'l Serv., Ass'n, 494 F.3d 788, 796 (9th Cir. 2007) (citing Ellison v. Robertson, 357 F.3d 1072,

1076 (9th Cir. 2004) (citing Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d 1159, 1162 (2d Cir. 1971))).

Similarly, but distinct from contributory infringement, vicarious infringement requires a plaintiff to demonstrate the defendant's (1) right and ability to supervise the infringing activity; and (2) direct financial interest in the infringing activity. Perfect 10, 494 F.3d at 802 (citing Grokster, 545 U.S. 930 (vicarious infringement arises when a defendant profits from infringement while declining to stop it)).

In this case, based on the conclusion that Defendants are entitled to summary judgment on Designworks' Count I with respect to Registrations U, C, and K, Designworks has not established direct infringement, such that Designworks cannot demonstrate copyright infringement based on secondary liability as alleged in Counts II and III. Therefore, Defendants are likewise entitled to summary judgment on Designworks' Counts II and III.

**C. Defendants are entitled to summary judgment on Designworks' claim for violation of VARA alleged in Count IV.**

Defendants argue they are entitled to summary judgment on Designworks' Count IV for violation of the VARA, 17 U.S.C. § 106A.

VARA's purpose is the protection of "the moral rights of artists in their works," such as the artist's rights of integrity and attribution. Teter v. Glass Onion, Inc., 723 F. Supp. 2d 1138, 1158 (W.D. Mo. July 12, 2010); Cort v. St. Paul Fire & Marine Ins. Cos., 311 F.3d 979, 984-85 (9th Cir. 2002)).

Under VARA:

the author of a work of visual art –
(1) shall have the right –
    (A) to claim authorship of that work, and

> (B) to prevent the use of his or her name as the author of any work of visual art which he or she did not create.
>
> (2) shall have the right to prevent the use of his or her name as the author of the work of visual art in the event of a distortion, mutilation, or other modification of the work which would be prejudicial to his or her honor or reputation
>
> [. . . .]

17 U.S.C. § 106A.

The Copyright Act's definition section explicitly sets forth what is a work of visual art, and what is not a work of visual art, as follows:

> A "work of visual art" is--
> **(1)** a painting, drawing, print, or sculpture, existing in a single copy, in a limited edition of 200 copies or fewer that are signed and consecutively numbered by the author, or, in the case of a sculpture, in multiple cast, carved, or fabricated sculptures of 200 or fewer that are consecutively numbered by the author and bear the signature or other identifying mark of the author; or
> **(2)** a still photographic image produced for exhibition purposes only, existing in a single copy that is signed by the author, or in a limited edition of 200 copies or fewer that are signed and consecutively numbered by the author.
>
> A work of visual art does not include--
> **(A)(i)** any poster, map, globe, chart, technical drawing, diagram, model, applied art, motion picture or other audiovisual work, book, magazine, newspaper, periodical, data base, electronic information service, electronic publication, or similar publication;
> **(ii)** any merchandising item or advertising, promotional, descriptive, covering, or packaging material or container;
> **(iii)** any portion or part of any item described in clause (i) or (ii);
> **(B)** any work made for hire; or
> **(C)** any work not subject to copyright protection under this title.

17 U.S.C. § 101.

In this case, there is no genuine issue of material fact that the drawings on which the structure at 1713 Kenilworth is based are technical drawings. Under the plain language of § 101, technical drawings are among the works of authorship not included in the definition of "a work of visual art." Because technical drawings are specifically excluded from this

15

category, Defendants are entitled to summary judgment to the extent Designworks alleges violation of VARA with reference to the underlying drawings for 1713 Kenilworth.

Likewise, to the extent Designworks alleges violation of VARA based on the completed structure at 1713 Kenilworth, Defendants are entitled to summary judgment. "Not every artist has rights under VARA, and not everything called 'art' is protected by such rights." Pollara v. Seymour, 344 F.3d 265, 269 (2d. Cir. 2003). VARA's protection is specifically limited only to those works of visual art like a painting, drawing, print, sculpture, or photograph, and not works that serve a utilitarian function, despite the addition of artistic embellishment. Kelley v. Chi. Park Dist., 635 F.3d 290, 300 (7th Cir. 2011). By way of illustration, "VARA may protect a sculpture that looks like a piece of furniture, but it does not protect a piece of utilitarian furniture, whether or not it could arguably be called a sculpture." Pollara, 344 F.3d at 593. Because "an architectural work embodied in a building does not fall within the definition of a work of visual art," Designworks cannot establish a VARA violation based on the Design as incorporated into the residence located at 1713 Kenilworth. Landrau, 554 F. Supp. 2d at 111 (citing Pollara, 344 F.3d at 270 ("Similarly, Frank Gehry's Guggenheim Museum in Bilbao is a work, and it has recognized stature as art, but it could not be made to fit within the statute's definition of a work of visual art. Buildings (as opposed to their design) are not subject to protection under the Copyright Act and are therefore excluded from VARA."). Therefore, Defendants are entitled to summary judgment on Designworks' Count IV for violation of VARA. Accordingly, it is hereby

ORDERED Defendants' Motion for Summary Judgment (Doc. #72) is GRANTED. It is further

ORDERED Plaintiff's Motion for Partial Summary Judgment (Doc. #74) is DENIED AS MOOT.

IT IS SO ORDERED.


DATED: <u>November 6, 2019</u>

<u>/s/ Brian C. Wimes</u>
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT