Designworks Homes, Inc.; Charles Lawrence James

*Plaintiffs - Appellants*

v.

Columbia House of Brokers Realty, Inc., doing business as House of Brokers, Inc., doing business as Jackie Bulgin & Associates; Shannon L. O'Brien; Nicole Waldschlager; Deborah Ann Fisher; John Doe I; Jacqueline Bulgin, doing business as Jackie Bulgin; Carol S. Denninghoff

*Defendants - Appellees*

------------------------------

National Association of Realtors

*Amicus on Behalf of Appellee(s)*
_____

No. 20-1099
_____

Designworks Homes, Inc.; Charles Lawrence James

*Plaintiffs - Appellants*

v.

Susan Horak, doing business as The Susan Horak Group Re/Max Boone Realty;

Boone Group, Ltd., doing business as Re/Max Boone Realty

*Defendants - Appellees*

------------------------------

National Association of Realtors

*Amicus on Behalf of Appellee(s)*
_____

No. 20-3104
_____

Designworks Homes, Inc.; Charles Lawrence James

*Plaintiffs - Appellants*

v.

Columbia House of Brokers Realty, Inc., doing business as House of Brokers, Inc., doing business as Jackie Bulgin & Associates; Shannon L. O'Brien; Nicole Waldschlager; Deborah Ann Fisher; John Doe I; Jacqueline Bulgin, doing business as Jackie Bulgin; Carol S. Denninghoff

*Defendants - Appellees*
_____

No. 20-3107
_____

Designworks Homes, Inc.; Charles Lawrence James

*Plaintiffs - Appellants*

v.

-2-

Case 2:18-cv-04090-BCW   Document 130-3   Filed 08/16/21   Page 2 of 13
Appellate Case: 19-3608   Page: 2   Date Filed: 08/16/2021 Entry ID: 5065698

Susan Horak, doing business as The Susan Horak Group Re/Max Boone Realty;
Boone Group, Ltd., doing business as Re/Max Boone Realty

*Defendants - Appellees*

————————

Appeals from United States District Court
for the Western District of Missouri - Jefferson City

————————

Submitted: June 15, 2021
Filed: August 16, 2021

————————

Before GRUENDER, ARNOLD, and STRAS, Circuit Judges.

————————

ARNOLD, Circuit Judge.

These cases require us to determine whether a particular copyright statute, 17 U.S.C. § 120(a), provides a defense to a claim of infringement for real estate companies, their agents, and their contractors who generate drawings of home floorplans. The district court held that it did. We disagree, but we do not rule out the possibility that some other defense might be available. We therefore reverse the district court's grants of summary judgment, vacate its orders awarding costs and attorney's fees, and remand for further proceedings.

Plaintiff Charles James built homes in Columbia, Missouri, that included a certain "triangular atrium design with stairs." The owners of two of them later hired real estate companies to help them sell their homes. One homeowner hired Columbia House of Brokers Realty, Inc., and the other hired Susan Horak, who did business as The Susan Horak Group Re/Max Boone Realty. During the process of listing the homes for sale, Columbia hired a contractor to measure and produce a computer-

-3-

Case 2:18-cv-04090-BCW   Document 130-3   Filed 08/16/21   Page 3 of 13
Appellate Case: 19-3608   Page: 3   Date Filed: 08/16/2021 Entry ID: 5065698

aided sketch of the home's floorplan, while Horak measured the home's dimensions herself and drew the floorplan on graph paper. The homes' listings included images of these floorplans for potential buyers to consider.

James and Designworks Homes, Inc.—a company James owns that has an ownership interest in the copyrights at issue—sued the real estate companies along with some of their affiliates and agents. They claimed that the defendants infringed their copyrights when they created and published the floorplans without authorization. The defendants moved for summary judgment, arguing, as relevant, that § 120(a) provided a defense to liability. That statute provides that "[t]he copyright in an architectural work that has been constructed does not include the right to prevent the making, distributing, or public display of pictures, paintings, photographs or other pictorial representations of the work, if the building in which the work is embodied is located in or ordinarily visible from a public place." The district court agreed with the defendants because, it held, the floorplans were "pictorial representations" of the homes. So it granted the defendants summary judgment on the infringement claims, as well as on the plaintiffs' claims for contributory and vicarious copyright infringement. The court later entered orders awarding costs and attorney's fees to the defendants.

We review the district court's grants of summary judgment, and the underlying question of statutory interpretation, de novo. *See Riegelsberger v. Air Evac EMS, Inc.*, 970 F.3d 1061, 1064 (8th Cir. 2020). We first take up a preliminary matter. The district court's holding did not reflect a very detailed consideration of the scope of § 120(a), and not without reason. Though the plaintiffs argued that § 120(a) did not protect the defendants, their statutory-interpretation arguments were somewhat inchoate, and it was not until this appeal that those arguments began to crystalize. The defendants point out that the plaintiffs' arguments below were much more limited than the ones advanced here and ask us not to consider many of their more-developed ones. But the interpretation and application of § 120(a) has always been a central
-4-

Case 2:18-cv-04090-BCW   Document 130-3   Filed 08/16/21   Page 4 of 13
Appellate Case: 19-3608   Page: 4   Date Filed: 08/16/2021 Entry ID: 5065698

issue in the case, and even though the plaintiffs have come up with new arguments to support their view that § 120(a) does not apply, we think this strategy represents more a "shift in approach" than a creation of an entirely new issue that we should decline to review. *See Weitz Co. v. Lloyd's of London*, 574 F.3d 885, 891 (8th Cir. 2009). Even if the arguments raised new issues, we have the discretion to consider them for the first time on appeal since this appeal presents a quintessential matter of law—the interpretation of a statute.

When interpreting a statute, we begin with the text. *See Union Pac. R.R. Co. v. United States*, 865 F.3d 1045, 1048 (8th Cir. 2017). As noted, § 120(a) applies to "pictures, paintings, photographs, or other pictorial representations of the work." The defendants maintain that the floorplans could be classified as "pictures." A first, cursory glance indicates that the defendants might be correct. Where a statute, as here, does not define a word, we generally give that word its ordinary meaning at the time Congress enacted the statute. *See Sanzone v. Mercy Health*, 954 F.3d 1031, 1040 (8th Cir. 2020). Congress enacted § 120(a) in 1990 as part of the Architectural Works Copyright Protection Act (AWCPA). The Oxford English Dictionary from that time defines "picture" in relevant part as "[a]n individual painting, drawing, or other representation on a surface, of an object or objects." *See* 11 Oxford English Dictionary 784 (2d ed. 1989). Though the floorplans here may not fit as comfortably within this definition as would, say, artistic sketches of the exterior of a house, they might possibly fit within the definitions' literal limits, for instance as "drawing[s] . . . of an object."

But statutory interpretation is not that simple. As the Supreme Court has put it, "The definition of words in isolation . . . is not necessarily controlling in statutory construction. A word in a statute may or may not extend to the outer limits of its definitional possibilities." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 486 (2006). When interpreting a statute, we must also consider the statutory context in which the words in question appear, *see id.*, including both "the specific context in which th[e]

-5-

Case 2:18-cv-04090-BCW   Document 130-3   Filed 08/16/21   Page 5 of 13
Appellate Case: 19-3608   Page: 5   Date Filed: 08/16/2021 Entry ID: 5065698

language is used, and the broader context of the statute as a whole." *See Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997).

The statutory context suggests that the floorplans should not be considered "pictures." The broader context of the copyright statutes as a whole reveals that Congress knew how to describe floorplans with more specificity than by simply referring to them as "pictures." Take the definition of "pictorial, graphic, and sculptural works," which has been a category of work entitled to copyright protection since before Congress extended protection to architectural works like those at issue here. That category is defined to "include two-dimensional and three-dimensional works of fine, graphic, and applied art, photographs, prints and art reproductions, maps, globes, charts, diagrams, models, *and technical drawings, including architectural plans*." 17 U.S.C. § 101 (emphasis added). The floorplans here certainly could be characterized more comfortably as "technical drawings" or "architectural plans" than as "pictures." Congress therefore had more appropriate terms at the ready but did not use them. As we've explained, "when Congress does not adopt obvious alternative language, the natural implication is that it did not intend the alternative." *See Union Pac. R.R. Co.*, 865 F.3d at 1050.

There's more. These potential alternative terms are not buried in a single definition. The term "technical drawing" also appears in the definition of a "work of visual art." *See* 17 U.S.C. § 101. Congress added this definition in the Visual Artists Rights Act of 1990, which was enacted at the same time Congress enacted § 120(a) in the AWCPA. Pub. L. 101-650, 104 Stat. 5089. Meanwhile, the definition of "architectural work" includes "architectural plans[] or drawings." *See* 17 U.S.C. § 101. This definition was added to § 101 in the AWCPA itself. Pub. L. 101-650, 104 Stat. 5089. "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Rodriguez v. United States*, 480 U.S. 522, 525 (1987) (per curiam). In short, if § 120(a)

-6-

Case 2:18-cv-04090-BCW    Document 130-3    Filed 08/16/21    Page 6 of 13
Appellate Case: 19-3608    Page: 6    Date Filed: 08/16/2021 Entry ID: 5065698

encompassed these floorplans, we believe Congress would've said so more explicitly. Congress's failure to use alternative, better-fitting language suggests that § 120 does not encompass the floorplans drawn here.

The defendants also maintain, and the district court held, that the floorplans fit within § 120(a)'s catchall category of "other pictorial representations." Though the floorplans might possibly qualify as "pictorial representations" according to the contemporary definitions of those terms, the difficulty once again is that, when we consider the broader statutory context, Congress could have easily resorted to other terms that it used elsewhere in the copyright statutes to ensure that § 120(a) included floorplans.

Focusing more narrowly on § 120(a) itself, there are additional reasons to think that the catchall does not include the floorplans. Generally, a word is known by the company it keeps, an interpretive principle that courts call *noscitur a sociis*. *See Gustafson v. Alloyd Co.*, 513 U.S. 561, 575 (1995). Courts rely on this principle "to avoid ascribing to one word a meaning so broad that it is inconsistent with the accompanying words, thus giving unintended breadth to the Acts of Congress." *Id.* It applies when the words are "conjoined in such a way as to indicate that they have some quality in common." *See* A. Scalia & B. Garner, Reading Law: The Interpretation of Legal Texts 196 (2012).

We think that the terms Congress used in § 120(a) have a certain quality in common—they all connote artistic expression. Recall that that section speaks of "pictures, paintings, photographs, or other pictorial representations of" a work. Pictures (when properly interpreted as already discussed), paintings, and photographs connote expression. We think that pictorial representations, when read together with these other terms, most likely refer to pictorial representations created for similar reasons. Floorplans like the ones here, on the other hand, serve a functional purpose. Though it's conceivable that a floorplan could be created for artistic purposes, we deal

-7-

Case 2:18-cv-04090-BCW Document 130-3 Filed 08/16/21 Page 7 of 13
Appellate Case: 19-3608 Page: 7 Date Filed: 08/16/2021 Entry ID: 5065698

here with floorplans that all seem to agree were generated for the practical purpose of informing potential buyers of home layouts and interiors, and, more broadly, to help sell homes. They do not share the common quality that the other terms possess.

The following images from a page in the plaintiffs' reply briefs best illustrate the point:

-8-

Case 2:18-cv-04090-BCW   Document 130-3   Filed 08/16/21   Page 8 of 13
Appellate Case: 19-3608   Page: 8   Date Filed: 08/16/2021 Entry ID: 5065698



Photog[r]aph [1]

Picture [2]



Painting [3]



Floor plan [4]

1. Glenn Belt, The Supreme Court, https://www.flickr.com/photos/n28307/46955927024/ (taken Mar. 11, 2016).

2. Steven Noble, Supreme Court Building https://www.stevennoble.com/v/Architecture/Supreme-Court-Building-art-.jpg.html (accessed Aug. 12, 2020).

3. Alexander Creswell, The Supreme Court, https://www.pinterest.com/pin/507499451730287534/ (accessed Aug. 12, 2020).

4. The Supreme Court of the United States, Building Floorplans, https://www.supremecourt.gov/visiting/buildingFloorplans_rev2.pdf (accessed Aug. 12, 2020).

One of these images is not like the others.

-9-

Case 2:18-cv-04090-BCW   Document 130-3   Filed 08/16/21   Page 9 of 13
Appellate Case: 19-3608   Page: 9   Date Filed: 08/16/2021 Entry ID: 5065698

Relatedly, when "general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words," thanks to the interpretive principle known as *ejusdem generis*. *See Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 384 (2003); *see also* A. Scalia & B. Garner, Reading Law: The Interpretation of Legal Texts 199 (2012). Applying that principle here, the words preceding the catchall in § 120(a) call to mind, once again, categories of expression rather than function. So we decline to hold that the functional floorplans here are "other pictorial representations" that § 120(a) talks about. To hold otherwise would be to render the specific enumerations superfluous. *See Yates v. United States*, 574 U.S. 528, 546 (2015) (plurality opinion).

We glean one more clue from the statutory text. Section 120(a) applies only when "the building in which the work is embodied is located in or ordinarily visible from a public place." It is noteworthy that Congress deemed it necessary to restrict § 120(a) this way because, in most if not all cases, it would be quite difficult to create a floorplan of a building simply by viewing it from a public place. Floorplans typically stem from someone's access to the interior of a building, though perhaps some interior features of a building are discernible from the outside. The point is that Congress did not appear to be directing § 120(a) toward floorplans.

For what it's worth, it also is evident from a House report on the AWCPA that Congress in fact considered whether to include floorplans in § 120(a). *See* H.R. Rep. 101-735, at 22 n.50. The report notes that "[t]he American Institute of Architects (AIA) proposed an amendment to section 120(a) prohibiting pictorial representations made in order to further the unauthorized design and construction of a substantially similar architectural work." Though that aspect of the report didn't mention floorplans and the like explicitly, it certainly appears that their unauthorized production was the source of the AIA's concern. The report then notes that the amendment was unnecessary because it wouldn't matter how an infringing work was built (with or without unlawfully copied floorplans) and because the proposal might "interfere with

-10-

Case 2:18-cv-04090-BCW   Document 130-3   Filed 08/16/21   Page 10 of 13
Appellate Case: 19-3608   Page: 10   Date Filed: 08/16/2021 Entry ID: 5065698

scholarly and noncompetitive analysis of architectural works." *Id.* Regardless of whether these arguments were correct, what is apparent is that the drafters of § 120(a) evidently did not believe it covered floorplans. It goes without saying that legislative history cannot overcome the statutory text. We merely point out that, for those who find legislative history relevant, the legislative history of § 120(a) supports our reading of the text rather than casting doubt on it.

The defendants resist the conclusion that § 120(a) does not apply, but we find their arguments unavailing. For the reasons already stated, we are unmoved by the argument that the floorplans fit within the literal definitions of "pictures" and "other pictorial representations" because those terms, as used in § 120(a), do not include items like these floorplans. We are also unswayed by the fact that two other courts have concluded that § 120(a) applies to floorplans similar to the ones here. *See Sorenson v. Wolfson*, 96 F. Supp. 3d 347, 365 (S.D.N.Y. 2015); *Morgan v. Hawthorne Homes, Inc.*, No. 04-1809, 2009 WL 1010476, at *12 (W.D. Pa. Apr. 14, 2009). Like the district court here, neither *Sorenson* nor *Morgan* grappled with the arguments that the plaintiffs advance on appeal, and so we do not find those cases persuasive on these questions.

The defendants also maintain that, if § 120(a) does not include the floorplans, then absurdities will result. For example, they maintain that "homeowners could not freely draw the outline of their own homes for any purpose, including remodeling projects, appraisers could not create floorplans of homes for appraisals, [and] children could not draw the shape of their own homes." This argument fails to put § 120(a) in context. Section 120(a) is just one of several, potentially overlapping statutory defenses to copyright infringement. Nothing we say in this opinion is meant to undermine any defense other than the one found in § 120(a). It may be that many of the hypothetical uses that the defendants posit would be protected by some other defense. The fair-use defense immediately comes to mind. *See* 17 U.S.C. § 107. In fact, the defendants here raised fair use below, but the district court did not reach its potential application because it concluded that § 120(a) applied. We need not resolve

-11-

Case 2:18-cv-04090-BCW   Document 130-3   Filed 08/16/21   Page 11 of 13
Appellate Case: 19-3608   Page: 11   Date Filed: 08/16/2021 Entry ID: 5065698

that matter because we leave it to the district court on remand to do so in the first instance. Just because we close one door to protection from liability doesn't mean that others aren't standing open.

The defendants contend that it is not appropriate to treat fair use as a backstop defense because a House report reveals that Congress did not believe that fair use, with its ad hoc approach, provided an adequate defense in these circumstances. *See* H.R. Rep. 101-735, at 22. We note, though, that courts should derive legislative purpose from the text of the statute itself, not its legislative history. *See* A. Scalia & B. Garner, Reading Law: The Interpretation of Legal Texts 56 (2012). But even if that snippet of the report accurately represents Congress's intent in enacting § 120, it does little (if anything) to shine light on the scope of § 120(a). It could be that Congress intended paintings to receive additional protection, but that doesn't necessarily mean that it intended floorplans to receive that additional protection as well. So we must rely on the statutory text, and, for reasons already indicated, we think that text does not encompass floorplans.

Amicus National Association of Realtors directs our attention to § 120(b), which generally allows the owner of a building embodying an architectural work to alter or destroy it without first obtaining the copyright owner's consent. Amicus contends that people generally would not alter a building without first creating plans and maintain that it would be incongruous to encourage the creation of floorplans in § 120(b) but then read § 120(a) as not including floorplans. It's unclear to us, though, that most building alterations or destructions are accompanied by floorplans or other drawings. Perhaps that's true of major projects, but many small alterations could be made without floorplans and other drawings. Even if we accept amicus's premise, the argument again ignores the role of § 120(a) as merely one of several defenses to infringement. And we think using a hidden assumption in § 120(b) is too circuitous a route for Congress to have taken to include floorplans in § 120(a), especially when Congress had a much more direct route—using better-fitting, alternative terms that

-12-

Case 2:18-cv-04090-BCW   Document 130-3   Filed 08/16/21   Page 12 of 13
Appellate Case: 19-3608   Page: 12   Date Filed: 08/16/2021 Entry ID: 5065698

it had employed elsewhere in the same and previous acts. As a result, we don't think this argument overcomes the other contextual clues we've already discussed.

Amicus also points to the difficulties its members would have identifying and contacting the owners of copyrights in architectural works to get permission to create floorplans. We see the concern. But our task "is not a free-ranging search for the best copyright policy, but rather depends solely on statutory interpretation." *See Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1010 (2017). To the extent amicus argues that the benefits of a broader statute would reduce or eliminate certain costs, it should direct its argument to the political branches.

In sum, we hold that § 120(a) does not provide a defense to copyright infringement to real estate companies, their agents, and their contractors when they generate and publish floorplans of homes they list for sale. Our decision does not preclude the district court on remand from considering whether some other defense might apply or whether the plaintiffs have demonstrated a claim of copyright infringement in the first place.

We therefore reverse the district court's grants of summary judgment to defendants on the primary infringement claim as well as on the claims for contributory and vicarious infringement, vacate the court's orders awarding the defendants costs and attorney's fees, and remand for further proceedings.

_____

-13-

Case 2:18-cv-04090-BCW   Document 130-3   Filed 08/16/21   Page 13 of 13
Appellate Case: 19-3608   Page: 13   Date Filed: 08/16/2021 Entry ID: 5065698