# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| DESIGNWORKS HOMES, INC., et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 2:18-cv-04090-BCW |
| ) | |
| COLUMBIA HOUSE OF BROKERS ) | |
| REALTY, INC. dba HOUSE OF ) | |
| BROKERS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF SUMMARY JUDGMENT**

Plaintiffs cannot win this case given the undisputed facts; (1) Defendants did not copy Plaintiffs' registered architectural drawings because they never had access to them (SOF 21-23); (2) Plaintiffs' allegations are therefore based on Defendants' creation of a two-dimensional (2D) floorplan of a three-dimensional (3D) building; (3) Plaintiffs suffered no damages (SOF 36-37) and this Court already ruled Plaintiffs are not entitled to statutory damages (Doc. 106 at 9); (4) Plaintiffs have no evidence supporting vicarious or contributory infringement (SOF 32-35); and (5) fair use provides a complete defense to infringement.

As a result, now for the first time in its supplemental SJ brief (Doc. 145), which Plaintiffs argued was necessary to discuss fair use cases decided since summary judgment briefing was first completed in 2019, Plaintiffs improperly attempt to create a factual dispute by relying on never-before-alleged "facts." Doc 145 at 6. The Court must ignore these unsupported allegations submitted for the first time more than two years after SJ briefing was complete.

But even if the Court is inclined to entertain Plaintiffs' new alleged "facts," their cites to alleged evidence do not survive scrutiny. For example, Plaintiffs argue the home at issue here, 1713 Kenilworth, is "award-winning." Doc. 145 at 7. But Plaintiffs cite to testimony of Chuck James talking about a <u>different home</u>. *See* Doc. 74-1 at 59:22-60:5. Plaintiffs allege Defendants posted floorplans online, "offered free downloads to anyone," and left the floorplans up for years. S*ee* Doc. 145, cites to Dkt. 76. Plaintiffs' alleged supporting evidence is their own self-serving declaration from *their SJ motion* (which was denied), which Defendants controverted. In any event, Plaintiffs themselves published the alleged infringing floorplans to the world in their public SJ filings in this case, without seeking to file under seal. *See* Docs.76-2 at 2-3, 76-9 at 3-4.

Plaintiffs even allege facts with no cites to the record at all. For example, Plaintiffs claim they were harmed because Defendants' floorplan allegedly limited their licensing value (Doc 145 at 8), but Plaintiffs do not cite any evidence to support this claim and there is no evidence that Plaintiffs have ever licensed their designs or offered a license to Defendants or anyone else.

2

## I. Fair Use Provides A Complete Defense to Infringement

In this case, "the fair-use defense immediately comes to mind." – Arnold, J., Eighth Circuit. The Eighth Circuit ruled section 120(a) does not apply here, but it strongly suggested fair use does. Analysis of the four required, but non-exhaustive, factors confirms this.

### A. Purpose and Character of the Use Supports a Finding of Fair Use

For the purpose and character of the use, courts consider three sub-factors: whether the use was transformative, whether it was commercial in nature, and whether the defendant acted in bad faith. *McGucken v. Newsweek LLC*, 2002 WL 836786, *10 (Mar. 21, 2022 S.D.N.Y.).

#### 1. Defendants' Use Was "Transformative"

A transformative work "adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message" and does not "merely supersede the objects of the original creation." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994). Here, the "new work" is a 2D floorplan. As alleged by Plaintiffs, the "original work" in this case must be the 3D structure at 1713 Kenilworth. If the original work is the architectural drawings for that home, it is undisputed that Defendants did not have access to them (SOF 21-23), so there could be no copying, and Plaintiffs' claims for infringement of the architectural drawings fail as a matter of law. *See Designworks Homes, Inc. v. Thompson Sailors Homes LLC*, Case No. 18-cv-189, 2019 WL 5088764, *2-3 (Oct. 10, 2019 W.D. Mo.).

Defendants' floorplans are transformative relative to the 3D structure because they obviously have an entirely different purpose and character. 2D floorplans provide an outline of the interior spaces of the home. A 3D home is meant for occupying and living. A floorplan cannot replace a 3D home. It is a mere representation of portions of the home. A floorplan of a home is therefore highly transformative, and this factor weighs in favor of fair use. See *Authors Guild v. Google, Inc.*, 804 F.3d 202, 223 ("the more the copying is done to achieve a purpose that differs from the purpose of the original, the less likely it is that the copy will serve as a

3

satisfactory substitute for the original"); *Bill Graham Archives v. Dorling*, 448 F.3d 605, 609-610 (2d Cir. 2006) (use of copyrighted images in biography was transformative because it was "plainly different from the original purpose for which they were created.").

The *Observer Holdings* case cited by Plaintiffs is not applicable. In that case, use in a news story of photographs of a house Beyonce and Jay-Z bought was not transformative relative to the exact same photographs used to sell the home. The copied work was exactly the same work as the original, so it was not transformative. That situation is entirely different than this case, where a 2D floorplan has a different character and purposes than a 3D structure.

Plaintiffs argue the work here is not transformative because the floorplans "obviate any need for anyone to ever seek to license Plaintiffs' plans." This argument fails. First, the alleged copyrighted work at issue is a 3D structure, not "Plaintiffs' plans." Again, if the alleged infringed work is Plaintiffs' architectural plans, Plaintiffs' claims fail as a matter of law because it is undisputed Defendants never had access to them. Second, this argument falsely assumes the floorplans at issue may be substituted for architectural plans and an infringing structure could be built from a simple floorplan. There is no evidence in the record that a home could be built from rudimentary floorplans or that any infringing home was ever built from the floorplans at issue.

**2. Defendants' Type of Commercial Use Supports a Finding of Fair Use**

Defendants did not sell any floorplans or duplicate competing 3D structures. Nor was any structure ever built from Defendants' floorplans. Instead, Defendants used their floorplans, along with photographs, to market 1713 Kenilworth. SOF 19. This type of "commercial" use supports fair use. *See Red Label Music Publ'g, Inc. v. Chila Prods.*, 388 F. Supp. 3d 975, 985 (N.D. Ill. 2019) ("when the defendant does not merely duplicate and copy verbatim the original in its entirety, pecuniary gain is largely a non-issue."); *Whyte Monkee Productions v. Netflix, Inc.*, 2022 WL 1251033, _F.Supp.3d_ (Apr. 27, 2022 W.D. Ok.) (commercial nature of Tiger King series supported fair use because use of copyrighted clips from a funeral comprised a fraction of

4

the series and are not themselves exploited for commercial gain); *Blanch v. Koons*, 467 F.3d 244, 253 (2d. Cir 2006) (fair use more likely when benefits the public).

### 3. Defendants' Good Faith Supports a Finding of Fair Use

Courts considering the first fair use factor should consider whether a defendant acted in bad faith. *NXIVM Corp. v. Ross Inst.*, 364 F.3d 471, 478 (2d Cir. 2004). This factor favors fair use because Defendants acted in good faith at all times. Defendants had no way of knowing Plaintiffs claimed a copyright in the home at issue because Plaintiffs did not register their copyright until after the alleged infringement. Doc. 106 at 9. Defendants created and posted the alleged infringing floorplans with full consent of the homeowner. SOF 17.

In their supplemental brief, Plaintiffs for the first time take issue with the proven and uncontroverted fact that Defendants created the floorplans with the consent of the homeowners, claiming "their evidence doesn't support that." Doc. 145 at 6. Not only are Plaintiffs wrong (*see* SOF 17, Doc. 74-10 ¶4), but Plaintiffs did not bother to contest any of Defendants' statements of fact when it had the opportunity during SJ briefing. *See* Doc. 77. This fact is therefore admitted.

### B. The Nature of the Copyrighted Work Supports a Finding of Fair Use

Only a fraction, if any, of Plaintiffs' design is subject to copyright protection. *See Design Basics LLC v. Signature Construction, Inc.*, 994 F.3d 879, 888-889 (7th Cir. 2021)(discussing why architectural plans are entitled to thin copyright protection under scènes à faire and merger doctrines, because standard elements (scènes à faire), such as a kitchen, great room or living room, dining room, bedrooms, bathrooms, etc., are commonplace and unavoidable, and there are only a limited number of ways to arrange such features (merger)). Accordingly, architectural works are treated closely to compilations under copyright law, and protection is thin. *Intervest Const., Inc. v. Canterbury Estate Homes, Inc.*, 554 F.3d 914, 919 (11th Cir. 2008). Individual standard features such as windows, doors, and other standard components are not protectable. *Id*.

After unprotectable features of the home are excluded, not much is left - Plaintiffs argue

5

the triangular atrium. But there is nothing unique about it. *See Thompson Sailors*, 2019 WL 5088764, *1-2 (Oct. 10, 2019 W.D. Mo.)(accusing multiple homes with similar triangular feature of infringement, but the builder did not have access to Plaintiffs' design, so it is not unique). Plaintiffs also published the design by constructing several homes. *See* 37 C.F.R. § 202.11(c)(2).

### C. Defendants Used Minimal Use of Portions of Plaintiffs' Work

Plaintiffs argue this is "wholesale copying." That is simply false. Again, Defendants did not have access to Plaintiffs' architectural drawings, so they did not copy <u>any</u> portion of them. Zero. Defendants only utilized minimal portions of the 3D structure - room dimensions and layouts, much of which is not protectable, when they independently created floorplans. SOF 17. This limited, functional, transformative use supports fair use. So long as "the secondary user only copies as much as is necessary for his or her intended use, then this factor will not weigh against him or her." *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 820–21 (9th Cir. 2003).

### D. Defendants' Did Not Affect Potential Market Value of the Copyrighted Work

The fourth, and most important, factor "is concerned with only one type of economic injury to a copyright holder: the harm that results because the secondary use serves as a substitute for the original work." *Authors Guild v. HathiTrust*, 755 F.3d 87, 99 (2d Cir. 2014). Transformative uses do not cause economic harm because "by definition, [such uses] do not serve as substitutes for the original work." *Id.*

Here, Defendants' floorplans caused absolutely no harm to Plaintiffs. The floorplans did not replace Plaintiffs' work as it is impossible for a floorplan to replace a 3D structure. Plaintiffs complain about loss of licensing revenue, but have not presented any such evidence. Plaintiffs argue Defendants' global distribution facilitated infringement, but that is pure speculation. Plaintiffs and Defendants do not compete in the same market. Plaintiffs design and build homes. Defendants market and sell re-sell homes at the request of homeowners. There is no overlap. There is no genuine issue of material fact – Defendants creation and use of a floorplan – did not harm Plaintiffs in any way, shape, or form. This factor strongly supports a finding of fair use.

WHEREFORE, Defendants respectfully request the Court to grant summary judgment in their favor on the issue of fair use and multiple other grounds set forth in the original summary judgment briefing.

Dated: July 27, 2022

Respectfully submitted,

/s/    Patrick D. Kuehl, Jr.
Patrick D. Kuehl, Jr.        MO #52370
RIMON LAW
633 E. 63rd Street, Suite 220
Kansas City, Missouri 64110
Phone/fax: (816) 839-7471
patrick.kuehl@rimonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/    Patrick D. Kuehl, Jr.
Attorney for Defendants